### 15168. TRAWICK *v.* POOL.

There was no material variance between the affidavit to foreclose a laborer's lien and the plaintiff's evidence as to the contract under which he cultivated the crops levied on; and the verdict was authorized by the evidence.

DECIDED MARCH 6, 1924.

Lien foreclosure; from city court of Sandersville—Judge Goodwin. October 6, 1923.

*J. J. Harris,* for plaintiff in error.

*J. Hines Wood,* contra.

BLOODWORTH, J. Ed Pool made an affidavit to foreclose a laborer's lien against J. W. F. Trawick, alleging in part that "Affiant is a farmer and laborer working on shares during the year 1922 with J. W. F. Trawick of said State and county; that affiant cultivated a two-horse farm and cultivated the said crops of corn, peas, and beans raised thereon to maturity during said year; that his contract with the said J. W. F. Trawick was that affiant was to have for his said labor on said farm one half of all the crops raised by him the present year." Under the evidence the jury were authorized to find that Pool agreed to run a two-horse farm on the land of Trawick under a contract in substance as follows: Trawick was to furnish the land, mules, plow-fixtures, etc, and Pool was to furnish the labor necessary to make the crop; Pool was to plant ten acres in cotton, all of which was to belong to him, and ten acres in corn, all of which was to belong to Trawick; and the rest of the two-horse farm was to be planted in corn, beans, and peas, and these crops were to be equally divided between the contracting parties. The jury were also authorized to find that the plaintiff worked the crops properly; that he planted about ten acres in cotton and a like amount in corn; that Trawick received the corn raised on the ten acres, and that Pool got the cotton raised on the other ten acres. This was a compliance by Pool with his agreement as to the ten-acre tracts, leaving for division only the crops raised on the other portions of the land. The levy was only on these crops. Under the facts we cannot say that there was a fatal variance between the allegations of the affidavit to foreclose and the proof, or that the verdict is without evidence to support it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*